IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN STEWART MORRISON, IV     *

v.     *     Civil No. RDB-12-3607

UNITED STATES OF AMERICA     *     Criminal No. RDB-10-0507

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

On December 21, 2010, John S. Morrison ("Petitioner"), pled guilty to a violation of the mail fraud statute, 18 U.S.C. § 1341 (ECF No. 18).[1] Thereafter, this Court imposed a sentence of fifteen (15) months incarceration with a period of two (2) years supervised released, and restitution in the amount of $240,947.40 (ECF No. 31). In order to satisfy a portion of the restitution, Petitioner's interests in the Brothers Partnership Property—his former residence—were forfeited. Now pending is the *pro se* Petitioner's Motion to Modify Court Ordered Restitution Under 28 U.S.C. § 2255 (ECF No. 66). Petitioner alleges that his counsel failed "to present facts" at sentencing and failed to accurately calculate restitution, thereby rendering ineffective assistance of counsel. After reviewing the parties' submissions, this Court finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the

---

[1] Petitioner pled guilty as to Count Two of the criminal Indictment. Count 1 of the two-count Indictment, also charging mail fraud in violation of 18 U.S.C. § 1341, was dismissed at the government's request.

reasons stated herein, Petitioner's Motion to Modify Court Ordered Restitution (ECF No. 66) is DENIED.

Additionally, as indicated herein, Petitioner's Motion for Reconsideration re 64 Order Authorizing Sale (ECF No. 75), Emergency Motion to Modify Court Ordered Sale of Brothers Partnership Property (ECF No. 69), Motion to Appoint Counsel (ECF No. 63), Motion to Re-Occupy the Brothers Partnership Property (ECF No. 62), Motion to Modify Court Ordered Restitution, Thirty (30) Day Ordered Home Eviction (ECF No. 42), Motion to Modify Court Ordered Restitution (ECF No. 41), and the Government's Motion for an Amended Final Order of Forfeiture (ECF No. 48) are DENIED as MOOT.

## BACKGROUND

On December 21, 2010, John S. Morrison, pled guilty to one count of mail fraud in violation of 18 U.S.C. § 1341 (ECF No. 18).[2] This plea of guilty was accepted by this Court after a very thorough plea colloquy pursuant to Rule 11 of the Federal Rules of Criminal Procedure. On December 7, 2011, this Court sentenced Morrison to a term of fifteen (15) months incarceration with a period of two (2) years supervised released, and imposed restitution in the amount of $240,947.40 (ECF No. 31).

Following sentencing this Court entered a Final Order of Forfeiture (ECF No. 39), upon the government's request, forfeiting all of Petitioner's real property interests in his former residence (the "Brothers Partnership Property") to the government, the sale of which was to be applied to Petitioner's restitution liability. The sale of the Brothers Partnership Property was subsequently authorized by this Court on December 3, 2012 (ECF No. 64).

---

[2] The specific facts underlying the offense are discussed in the plea agreement signed by Petitioner (ECF No. 18). Petitioner does not challenge those facts in his Motion.

In an effort to halt or prevent the sale of the Property, Petitioner filed several motions including:

(1) Motion to Modify Court Ordered Restitution (ECF No. 41);

(2) Motion to Modify Court Ordered Restitution, Thirty (30) Day Ordered Home Eviction (ECF No. 42);

(3) Motion to Re-Occupy the Brothers Partnership Property (ECF No. 62);

(4) Motion to Appoint Counsel (ECF No. 63);

(5) Motion to Modify Court Ordered Restitution Under 28 U.S.C. § 2255 (ECF No. 66)

(6) Emergency Motion to Modify Court Ordered Sale of Brothers Partnership Property (ECF No. 69) and;

(7) Motion for Reconsideration re 64 Order Authorizing Sale (ECF No. 75).

The Property was ultimately sold on or about August 27, 2013. *See* ECF No. 81.

## STANDARD OF REVIEW

This Court recognizes that because Petitioner is proceeding *pro se*, he is held to a "less stringent standard[]" than is a lawyer, and the Court must liberally construe his claims, no matter how "inartfully" pled. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *accord Brown v. N.C. Dep't of Corrs.*, 612 F.3d 720, 724 (4th Cir. 2010) (observing that liberal construction of a complaint is particularly appropriate where a *pro se* plaintiff alleges civil rights violations). Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside or correct his sentence where (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (b) the court lacked "jurisdiction to impose the sentence, . . .

[(c)] the sentence was in excess of the maximum authorized by law, or [(d) the sentence] is otherwise subject to a collateral attack." 28 U.S.C. § 2255. "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States,* 368 U.S. 424, 428 (1962)). Although Petitioner is no longer in custody, his § 2255 motion was filed while in prison. *See Reed v. U.S.*, 471 F.2d 721 (5th Cir. 1973) ("While § 2255 relief is not available to a person filing a motion to vacate after the complained-of sentence has completely expired, it is well settled that if one is imprisoned at the time of the original filing of the motion, and released before determination thereof, the cause of action does not become moot.").

To state a claim for relief under 28 U.S.C. § 2255 based on a Sixth Amendment claim of ineffective assistance of counsel, a petitioner must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 671 (1984). *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). The first prong of the test, known as the "performance" prong, requires a showing that defense counsel's representation was deficient and fell below an "objective standard of reasonableness." *Strickland*, 466 U.S. at 688. In making this determination, courts observe a strong presumption that counsel's actions fell within the "wide range of reasonable professional assistance." *Id.* at 688-89. The second prong, known as the "prejudice" prong, requires that defendant demonstrate that his counsel's errors deprived him of a fair trial. *Id.* at 687. To establish this level of prejudice, the defendant must demonstrate that there is a "reasonable probability that, but for counsel's [alleged] unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

4

The United States Court of Appeals for the Fourth Circuit has previously noted that "[t]he defendant bears the burden of proving the first prong under the *Strickland* test," and unless this burden is met, "a reviewing court does not need to consider the second prong." *Fields v. Attorney General*, 956 F.2d 1290, 1297 (4th Cir. 1992). The Fourth Circuit has also noted that the mere possibility of a different trial result does not satisfy the burden placed on the defendant. *See Hoots v. Allsbrook*, 785 F.2d 1214, 1220 (4th Cir. 1986). Thus, ineffective assistance of counsel claims may be disposed of solely based on a deficiency in showing prejudice as to the second *Strickland* prong. *See Strickland*, 466 U.S. at 697. Additionally, "[i]neffective assistance claims are generally not cognizable on direct appeal, . . . 'unless [an attorney's ineffectiveness] conclusively appears from the record.'" *United States v. Benton*, 523 F.3d 424, 435 (4th Cir. 2008) (quoting *United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999)).

## ANALYSIS

**I.  Ineffective Assistance of Counsel**

Petitioner's motion pursuant to 28 U.S.C. § 2255 challenges the imposition of restitution at sentencing. Specifically, Petitioner alleges that his counsel "failed to present facts [to this Court]" and failed to calculate the amount of restitution correctly. The gravamen of Petitioner's claims concern the forfeiture of the Brothers Partnership Property. As explained below, this Court concludes that (1) Petitioner has waived his right to collaterally attack any order of forfeiture and, (2) notwithstanding his waiver of appeal, Petitioner's claims are wholly without merit.

As noted above, in order to establish a claim of ineffective assistance of counsel, the defendant must prove both the "performance" and the "prejudice" prongs of the *Strickland* standard. When a defendant alleges ineffective assistance after a guilty plea has been entered, the burden is even greater. *See Premo v. Moore*, ___ U.S. ___, 131 S. Ct. 733, 745-46 (2011) ("The plea process brings to the criminal justice system a stability and a certainty that must not be undermined by the prospect of collateral challenges."); *Hooper v. Garraghty,* 845 F.2d 471, 475 (4th Cir. 1988) (quoting *Hill v. Lockhart,* 474 U.S. 52, 59 (1985)). In other words, Petitioner has "a substantial burden to show ineffective assistance of counsel" where a plea agreement exists. *Premo*, 131 S. Ct. at 746.

The terms of the plea agreement entered into and understood by Petitioner expressly provide that Petitioner has waived "all constitutional, legal, and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture," Plea Agreement at 6 ¶ 14, ECF No. 18, as well as the right to seek appellate review of any order of restitution. *Id.* at 6-7 ¶ 15 (stating that Petitioner waives the right to appeal "the calculation of any . . . order of forfeiture, [or] order of restitution"). Petitioner may not circumvent the terms of the plea agreement by challenging this Court's order of restitution through a § 2255 motion.[3] As noted by the Fourth Circuit in *U.S. v. Linder* "[w]here the petitioner only waives the right to [direct] appeal, he is not precluded from filing a petition for collateral review. <u>But he is precluded from raising claims that he could have raised on direct appeal</u>." 552 F.3d 391, 397 (4th Cir. 2008) (citations omitted) (emphasis added); *see*

---

[3] No direct appeal was filed by Petitioner.

*United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010) (noting the general rule that where a defendant fails to raise issues at sentencing or on direct appeal, "defendant is barred from raising the[] claim[] on collateral review") (citations omitted); *cf. Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976) (Petitioner "will not be allowed to recast, under the guise of collateral attack, questions fully considered by this court [on direct appeal]"). Petitioner entered into a plea agreement, which he fully understood, preventing him from seeking appellate review of restitution—a claim of the very sort that could have been challenged but for the plea agreement—or collaterally attacking any order of forfeiture. Therefore, any opportunity to challenge the restitution is this case has been foreclosed.

Even if this Court were to ignore the effect of Petitioner's waiver, he has failed to meet the standard imposed by *Strickland*. Petitioner merely alleges that his counsel "failed to present facts . . . at sentencing which resulted [in] miscarriage of justice and prejudice to Defendant" and that the "restitution was not calculated by Attorney and not disclosed to [the] Judge, resulting in [an] incorrect restitution amount." Pet'r Mot. to Modify Ct. Ordered Restitution (ECF No. 66). Petitioner has failed to present any evidence that his counsel's performance at sentencing was so deficient as to fall beneath an objective standard of reasonableness. To the contrary, Petitioner's Counsel more than adequately represented Petitioner's interests at sentencing. Petitioner's Counsel submitted a thorough sentencing report on his behalf, arguing why Petitioner ought to have been afforded leniency. Mr. Morrison's counsel also quite ably represented his interests at the proceeding itself, presenting mitigating factors which were considered by this Court. In other words, Mr. Morrison's motion is devoid of any support for his ineffective assistance of counsel claim.

Nor is there any support for the contention that Petitioner was unaware, after a thorough Rule 11 colloquy, that the Brothers Partnership Property would be properly forfeited in order to satisfy any order of restitution—indeed, the Plea Agreement specifically addresses forfeiture. *See* Plea Agreement at 5, ¶ 12 (ECF No. 18) ("The [Petitioner] understands that at sentencing the court will enter an order of forfeiture as part of his sentence, and that the order of forfeiture may include . . . substitute assets.").

Petitioner also alleges that restitution is inapplicable to the charged offense and is therefore unlawful. To support this proposition, Petitioner misconstrues a memorandum submitted by a fellow judge of this Court in an entirely unrelated case as well as a case cited in that memorandum. *See* Mem. to Counsel, *United States v. Fox & Dan*, JFM-09-0639 (July 16, 2012); *see also United States v. Harvey*, 532 F.3d 326 (4th Cir. 2008). Neither the memorandum nor the case cited in the memorandum are applicable. In *Fox & Dan*, restitution was denied, in part, because the government had failed to meet its "burden of proving actual loss by a preponderance of the evidence." *Id.* (quoting *Harvey*, 532 F.3d at 339). In the instant case, however, this Court determined that the government had indeed met its burden to prove the restitution amount by a preponderance of the evidence.

Moreover, as to the second *Strickland* prong, even if Petitioner's counsel was somehow incompetent at sentencing, no harm arose from any alleged ineffectiveness. This Court, after considering the evidence before it, as well as the law governing restitution, determined that Petitioner properly owed over $240,000. This result is entirely supported by the detailed reports prepared by the government as well as SunTrust Bank's victim impact statement. *See* SunTrust Victim Impact Statement, ECF No. 26. Moreover, the Brothers

8

Partnership Property was properly forfeited and sold to satisfy a portion of Petitioner's restitution liability. In sum, this Court finds that Petitioner's claims (1) are barred by the terms of the plea agreement and (2) notwithstanding Petitioner's waiver, lack merit under the well-established *Strickland* standard.

## II. Additional Motions

Petitioner has filed a variety of other motions attacking this Court's sentence and previous orders in this matter, including Petitioner's Motion for Reconsideration re 64 Order Authorizing Sale (ECF No. 75), Emergency Motion to Modify Court Ordered Sale of Brothers Partnership Property (ECF No. 69), Motion to Appoint Counsel (ECF No. 63), Motion to Re-Occupy the Brothers Partnership Property (ECF No. 62), Motion to Modify Court Ordered Restitution, Thirty (30) Day Ordered Home Eviction (ECF No. 42), and Motion to Modify Court Ordered Restitution (ECF No. 41). Also pending before this Court is the Government's Motion for an Amended Final Order of Forfeiture (ECF No. 48). Each of the above-mentioned motions concerns the forfeiture and sale of the Brothers Partnership Property, in order to satisfy a portion of the restitution owed. Petitioner forfeited his interests in the property in December of 2011 (ECF No. 30) and this Court subsequently entered an order authorizing sale. ECF No. 64. The property was sold in late August of 2013, and the proceeds of the sale were applied to the restitution in this case.

Therefore, disputes pertaining to the property are now moot as all of Petitioner's interests and rights in the property have been removed and the property sold.[4]

CONCLUSION

For the reasons stated above, Petitioner's Motion to Modify Court Ordered Restitution (ECF No. 66) is DENIED. Additionally, Petitioner's Motion for Reconsideration re 64 Order Authorizing Sale (ECF No. 75), Emergency Motion to Modify Court Ordered Sale of Brothers Partnership Property (ECF No. 69), Motion to Appoint Counsel (ECF No. 63), Motion to Re-Occupy the Brothers Partnership Property (ECF No. 62), Motion to Modify Court Ordered Restitution, Thirty (30) Day Ordered Home Eviction (ECF No. 42), Motion to Modify Court Ordered Restitution (ECF No. 41), and the Government's Motion for an Amended Final Order of Forfeiture (ECF No. 48) are DENIED as MOOT.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional

---

[4] To the extent that Petitioner's § 2255 motion challenges the sale of the property, it is therefore moot as well. In any event, as noted above in Part I of this Memorandum Opinion, Petitioner's claims are without merit and are denied independent of their mootness.

claims debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated: March 12, 2014                _____/s/_____
                                     Richard D. Bennett
                                     United States District Judge